Case 2:20-cv-00287   Document 36   Filed on 01/12/22 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LEEANN TIJERINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00287 |
| | § | |
| SUPPLEMENTAL SOCIAL SECURITY ADMINISTRATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

*Pro se* Plaintiff LeeAnn Tijerina brought this action on November 18, 2021 seeking review of the Commissioner's final decision determining she was not disabled. (Case No. 2:20-mc-892, D.E. 1). On December 1, 2021, Plaintiff filed a Brief, construed as a Motion for Summary Judgment. (D.E. 31). On January 6, 2022, Defendant filed a Response Brief, construed as a Cross Motion for Summary Judgment. (D.E. 35). For the reasons below, the undersigned **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED**, the Commissioner's Motion for Summary Judgment be **GRANTED** and this case be **DISMISSED**.

### I.   JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 42 U.S.C. § 405(g). This case has been referred to the undersigned pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND

Plaintiff filed an application for benefits on May 24, 2017 at age 34, alleging disability as of January 1, 2017, due to nerve damage, numbness on the right side, carpal tunnel right hand surgery, anxiety, depression and right knee ailments. (D.E. 21-4, Pages 2-3 and 20-21).  After Plaintiff's applications were denied initially and upon reconsideration, at Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on March 16, 2020, at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified. (D.E. 21-3, Pages 27-49).  The ALJ issued an unfavorable decision on April 14, 2020, finding Plaintiff not disabled. (D.E. 21-3, Pages 8-25).

The Appeals Council declined Plaintiff's request for review on September 29, 2020, making the ALJ's April 14, 2020 decision final. (D.E. 21-3, Pages 2-7).  Plaintiff then filed this action on November 18, 2021, seeking review of the Commissioner's final decision. (Case No. 2:20-mc-892, D.E. 1).

## III.    STANDARD OF REVIEW

In evaluating a disability claim, the Commissioner follows a five-step process to determine whether (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work. *Martinez v. Chater*, 64 F.3d 172, 173-174 (5th Cir. 1995) (citations

omitted). The claimant bears the burden of proof on the first four steps with the burden shifting to the Commissioner at the fifth step who must show that, in light of claimant's RFC, claimant can perform other substantial work in the national economy. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994).

Judicial review of the Commissioner's decision regarding a claimant's entitlement to benefits is limited to two questions: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted); *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The burden has been described as more than a scintilla but lower than a preponderance. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citation omitted). A finding of "no substantial evidence" occurs "only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (citations omitted).

In applying the substantial evidence standard, the Court scrutinizes the record to determine whether such evidence is present. However, the Court does not reweigh the evidence, try the issues de novo or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citations omitted); *Carey*, 230 F.3d at 135 ("Conflicts in the evidence are for the Commissioner to resolve.") (citation omitted). Further, as Plaintiff is proceeding *pro se* in this appeal of the ALJ's decision, the

Court has additional considerations. While Courts must construe *pro se* pleadings and arguments liberally, they must also "maintain their role as neutral and unbiased arbiters" and "are not bound to 'scour the record for every conceivable error'" as the Court is not an advocate. *Deron v. Soc. Sec. Admin.*, No. 3:20-cv-506-L-BN, 2021 WL 3625081, at *2 (E.D. Tex. July 27, 2021) (citation omitted). Rather, "fundamental fairness and the interests of justice require that courts not disregard obvious errors, especially when a lay litigant's ignorance may cause legal errors to go unrecognized." *Id*. Following this approach, Courts have examined:

1. Whether the Commissioner's decision generally reflects the protocol established in the Social Security Act, the Commissioner's own regulations, and internal policies articulated in Social Security Rulings.

2. Whether the Commissioner's critical fact findings were made in compliance with applicable law.

3. Whether substantial evidence supports those critical findings.

*Id*. (citation omitted).

## IV.   ISSUES PRESENTED

Plaintiff alleges she does "not agree with the Social Security decision" because she has "medical problems that are diagnose[d] by a doctor and I take several medications for." (D.E. 31, Page 1). Plaintiff then lists her various ailments, including lack of feeling in her hands, carpal tunnel syndrome, anxiety, pain after standing for two hours, anxiety, depression, PTSD, arthritis, migraines, nerve damage and pain, knee injuries, drowsiness and memory loss caused by medications and fibromyalgia. (D.E. 31). Plaintiff concludes

that she does not "understand how I don't qualify for Social Security disability when everything I have explained is a medical condition and is diagnose[d] by a Doctor [and] I take medication for all my mental and physical issues." (D.E. 31, Page 3).

## V. THE ALJ'S DECISION

The ALJ determined Plaintiff had not engaged in substantial gainful activity since May 24, 2017, the application date. (D.E. 21-3, Page 13). The ALJ further determined Plaintiff had the following severe impairments: obesity, carpal tunnel syndrome, sciatica, right knee dysfunction and anxiety. (D.E. 21-3, Page 14). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (D.E. 21-3, Page 14). The ALJ concluded Plaintiff had the RFC to perform a limited range of light work. (D.E. 8-3, Pages 20-21). More specifically, the ALJ determined Plaintiff could stand and walk four hours total in an eight hour workday and could sit six hours in an eight hour work day; could occasionally stoop, crouch, crawl, kneel and climb ramps or stairs; could never work around unprotected heights or hazards; could never climb ladders, ropes or scaffolds; could frequently handle and finger and had no limits in feeling or reaching; and could have occasional interaction with others. (D.E. 21-3, Page 15).

In reaching this determination, the ALJ noted that while Plaintiff alleged limited use of her hands and could lift only four to ten pounds, this was not supported by the medical evidence and while Plaintiff complained of persisting sciatica and right knee pain, she testified at the hearing that she was able to walk intermittently for up to five hours. (D.E.

21-3, Page 16). The ALJ further noted Plaintiff's anxiety did limit her ability to manage social situations and there was no evidence in the record of right-side numbness or severe headaches. (D.E. 21-3, Page 16). Additionally, the ALJ also noted Plaintiff's reported daily activities were inconsistent with disability, including walking five hours; independently caring for two children ages eight and ten; driving the children to and from school each day; and driving to grocery shop, pay bills, go to the doctor and to take her children to the doctor, and to go to GED classes. (D.E. 21-3, Page 16). The ALJ then thoroughly reviewed the record related to Plaintiff's other ailments and their impact on her physical and mental abilities when determining Plaintiff's RFC to perform light work, including the reports of consultative medical and psychological examiners, objective test results and treatment records. (D.E. 21-3, Pages 16-19). The ALJ then determined Plaintiff had no past relevant work, had a limited education (10th grade) and could communicate in English. (D.E. 21-3, Page 19). Based on the VE's testimony, Plaintiff could perform work as a labeler, document preparer and lens inserter (all sedentary, unskilled positions) and was therefore, not disabled. (D.E. 21-3, Pages 19-20).

## VI. DISCUSSION

Here, even using a more lenient approach due to Plaintiff's *pro se* status, the undersigned recommends the Commissioner followed applicable protocol, regulations and polices; the Commissioner's fact finding complies with applicable law; and those findings are supported by substantial evidence. While the ALJ determined Plaintiff's obesity, carpal tunnel syndrome, sciatica, right knee dysfunction and anxiety were severe impairments at

Step Two, an individual claiming disability has the burden of proving disability and must prove the inability to engage in any substantial gainful activity. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (citation omitted). "The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired by her [disability] that she was precluded from engaging in any substantial gainful activity." *Id*. (citations omitted); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (An "impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.")

An RFC is an assessment, based on all relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite impairments. 20 C.F.R. § 404.1545(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) ("RFC involves both exertional and non-exertional factors.") RFC refers to the most a claimant is able to do despite physical and mental limitations. 20 C.F.R. § 404.1545(a). The ALJ must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with objective medical evidence and other evidence. *Wren v. Sullivan,* 925 F.2d 123, 128 (5th Cir. 1991) ("Disabling pain must be constant, unremitting, and wholly unresponsive to therapeutic treatment" and considerable deference is given to an ALJ's determination of that pain's disabling nature) (citations omitted). However, the ALJ is not required to incorporate limitations in the RFC that are not supported in the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has

the sole responsibility for weighing the evidence…" (citation omitted). "A claimant is not entitled to Social Security disability benefits merely upon a showing that (s)he has a severe disability. Rather, the disability must make it so the claimant cannot work to entitle the claimant to disability benefits." *Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *9 (5th Cir. August 19, 2005) (It was not inconsistent for the ALJ to find Plaintiff had a severe mental impairment and also find Plaintiff could perform past relevant work). Here, the ALJ thoroughly considered the entire record prior to making the RFC assessment that Plaintiff could perform a modified range of light work.

Plaintiff's arguments for reversal "essentially asks that this Court 're-evaluate all of the evidence in her case and to reach a result different from the conclusion that the Commissioner reached when evaluating her claim.'" *Deron*, 2021 WL 3625081, at *3 (citing *Fabian v. Berryhill* 734 F. App'x 239, 244 (5th Cir. 2018) (per curiam). However, as stated previously, it is the task of the ALJ to weigh the evidence and this Court's review is limited. *Hames*, 707 F.2d at 165; *Chambliss*, 269 F.3d at 523. "It is not the place of this Court to reweigh the evidence, or try the issue de novo, or substitute its judgment…[i]f supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed." *Id.* Upon review, the ALJ's determination is based on substantial evidence. The ALJ acted within his discretion in interpreting the evidence before him. The record reflects the ALJ conducted an extensive review of the law and facts applicable to Plaintiff's disability claim during the five-step sequential evaluation process, supporting his decision with a discussion of the relevant evidence as detailed by Defendant. (D.E.21-3, Pages 15-

19 and D.E. 35, Pages 6-16). Even though the record illustrates Plaintiff suffers from several severe impairments, substantial evidence supports the ALJ's conclusion that Plaintiff's impairments did not prevent her from performing light work as identified in the RFC during the period at issue, including those sedentary positions identified by the VE.

## VII. CONCLUSION

For the reasons above, the undersigned **RECOMMENDS** Plaintiff's Motion for Summary Judgment be **DENIED** (D.E. 31), the Commissioner's Motion for Summary Judgment be **GRANTED** (D.E. 35) and this case be **DISMISSED**.

Respectfully submitted on January 12, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).